IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-308 |
| ALFREDO NINO-NINO | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.

(2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.

(3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted) (citing *United States v. King*, 454 F.3d 187, 194, 196 (3d Cir. 2006).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a

ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted).

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which support a within-guideline sentence in this case.

I. **BACKGROUND**

On August 1, 2017 , the defendant entered an open guilty plea to illegal reentry after deportation, in violation of 18 U.S.C. § 1326, arising from his illegal reentry into the United States after having been deported and removed from the United States on or about January 21, 2009.

II. **SENTENCING CALCULATION**

A. **Statutory Maximum Sentence.** The maximum sentence that may be imposed on the defendant is 2 years imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.

B. **Sentencing Guidelines Calculation.**

The Probation Office correctly calculated the defendant's advisory guideline range as follows: The base offense level for illegal reentry, in violation of 18 U.S.C. § 1326(a) is 8, pursuant to U.S.S.G. § 2L1.2(a), with an 8-level upward adjustment as a result of his conviction for possession with the intent to deliver a controlled substance, pursuant to U.S.S.G. § 2L1.2(b)(3)(B).  After deducting three levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b), the defendant's Total Offense Level is 13, yielding a final advisory guideline range of 18-24 months' imprisonment.

**Consideration of the 3553(a) Factors.**

The defendant engaged in a serious offense. After being removed from the United States following his 2008 conviction for assault in Texas, the defendant, after illegally reentering the United States, was convicted for his part in transporting and attempting to deliver approximately 8 pounds of methamphetamine in Pennsylvania. In these circumstances, a sentence within the advisory guideline range of 18-24 months' imprisonment is an appropriate disposition of this case.

It is clear that the recommended term of imprisonment is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2). Furthermore, the recommended sentence of incarceration affords adequate deterrence to others who would commit a similar offense, and protects the public from further crimes of the defendant, for at least as long as he remains incarcerated. *Id.*

In addition, adherence to the recommended guideline range is the only course for assuring that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity.

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D). In addition, restitution is not an issue in this case. § 3553(a)(7).

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a within-guideline sentence.

## IV.     CONCLUSION

For these reasons, the government recommends that the Court impose a sentence within the advisory guideline range.

                                                             Respectfully submitted,

                                                             LOUIS D. LAPPEN
                                                             Acting United States Attorney

                                                             JOEL D. GOLDSTEIN
                                                            Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this Sentencing Memorandum has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

ELIZABETH TOPLIN, ESQ.
Defender Association of Philadelphia
Federal Court Division
The Curtis Center Building
601 Walnut Street
Suite 540 West
Independence Square West
Philadelphia, PA 19106

_____
JOEL D. GOLDSTEIN
Assistant United States Attorney

DATED: _____